UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCO STRICKLAND,

    Plaintiff,

v.                                                                                          Case No. 23-12756

JOHN T. COURTRIGHT, *et al.,*                            Sean F. Cox
                                                                                     United States District Court Judge

    Defendants.
_____/

## OPINION & ORDER
## GRANTING MOTION TO DISMISS
## AND DISMISSING ACTION WITH PREJUDICE

Following a traffic stop, Plaintiff was charged with state or local criminal offenses in a state court case. After Plaintiff was convicted of those charges in a jury trial, he filed this § 1983 action against the police officer who conducted the traffic stop, the prosecuting attorney who prosecuted the case, and the judge who presided over the case. The matter is before the Court on a Motion to Dismiss filed by two of the three Defendants. Plaintiff failed to file a response to the motion and the time permitted for doing so has passed. For the reasons set forth, the Court GRANTS the unopposed Motion to Dismiss. In addition, because Plaintiff is proceeding *in forma pauperis*, the Court also considers the viability of any claims against the third Defendant and concludes Plaintiff's Complaint fails a state a claim against him too. There Court will therefore dismiss this entire action with prejudice.

## BACKGROUND

### A.   Procedural Background

Acting *pro se*, Plaintiff Marco Strickland filed this action on October 30, 2023. Plaintiff was granted permission to proceed in this case *in forma pauperis*. Plaintiff's Complaint names

the following Defendants: John T. Courtright, Lawrence Coogan, and Paul Gustafson.  Plaintiff filed the action in federal court based upon federal-question jurisdiction.

On January 29, 2024, Defendants Courtright and Coogan filed a Motion to Dismiss. (ECF No. 13).  After Plaintiff failed to file any response to that motion within the time permitted for doing so, this Court issued an Order requiring Plaintiff to file a response to the motion no later than March 25, 2024.  (ECF No. 17).

Thereafter, Plaintiff contacted chambers by telephone, asking for an extension of time to file a response, which this Court granted.  Nevertheless, Plaintiff never filed a brief in response to the pending Motion to Dismiss.

Plaintiff did, however, filed a written submission wherein he notes that he has filed three different federal cases (including this case) and states "This can be construed as a Motion to dismiss as to all three Case #s."  (ECF No. 18 at Page.ID.106).

Despite that filing, on April 8, 2024, Plaintiff also filed a document titled "Declaratory Judgement" (ECF No. 19) wherein Plaintiff appears to assert that he wants the Court to declare that he has a constitutional right to travel.[1]

**B.    Standard Of Decision**

"To survive a motion to dismiss" under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  A

---

[1] In light of the rulings in this Opinion and Order, that motion or request is denied as moot.

2

claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct.  *Id.*  When assessing the sufficiency of a plaintiff's claim, this Court must accept the complaint's factual allegations as true.  *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001).  "Mere conclusions," however, "are not entitled to the assumption of truth.  While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 664, 129 S.Ct. 1937.

When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir.2001)." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

**C.     Relevant Facts**

Following a traffic stop on or about January 10, 2023, Plaintiff was charged with driving on a suspended license and interfering with police or fire, in violation of state or local ordinances, in Case Number 2023-23000288-OM in the 24th District Court in Allen Park, Michigan.  That action was assigned to Judge John T. Courtright.  Lawrence Coogan was the Prosecuting Attorney in the case and Police Officer Paul Gustafson was the police officer who conducted the traffic stop.  The docket reflects that Plaintiff was found guilty of the charges following a jury trial on September 8, 2023.

Thereafter, on October 30, 2023, Plaintiff filed this action.  Plaintiff's *pro se* Complaint

alleges that Defendants violated his rights under 42 U.S.C. § 1983, in that they violated his "First Amendment - Right to Travel," his "Right to due process" under the Fourth, Fifth, Sixth, Ninth and Tenth Amendments to the United States Constitution. (Compl., ECF No. 1, at PageID.4). Plaintiff's Complaint make a reference to his trial having been "a fake trial." (*Id*. at Page.ID. 5).

The civil cover sheet completed by Plaintiff for this case also indicates that Plaintiff is seeking to bring a claim under 18 U.S.C. § 242," although the actual Complaint makes no reference to that statute.

## ANALYSIS

The pending Motion to Dismiss asks the Court to dismiss Plaintiff's claims against Judge Courtright and Prosecutor Coogan and makes several challenges. The Court need not address all of the challenges, especially in light of Plaintiff's concession that this action should be dismissed.

Because Plaintiff has been granted permission to proceed *in forma pauperis*, the Court will also consider the viability of any claims asserted against Defendant Gustafson. That is because the applicable statute requires this Court to dismiss this case, at any time, if it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(b)(2) ("the court shall dismiss the case at any time if the court determines that" the action "fails to state a claim on which relief may be granted.").

**I.    Judge Courtright And Prosecutor Coogan Are Entitled To Absolute Immunity.**

It is well-established that a judge performing his or her judicial functions is absolutely immune from suit seeking monetary damages. *See Mireless v. Waco*, 502 U.S. 9, 9-10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (judge performing judicial functions is absolutely immune from suit

4

seeking monetary damages even if acting erroneously, corruptly, or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996).

Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions. *Mireles,* 502 U.S. at 11. Second, a judge is not immune for actions, although judicial in nature, taken in complete absence of all jurisdiction. *Id*. at 12. "A judge acts in the clear absence of all jurisdiction only when the matter upon which he [or she] acts is clearly outside the subject matter of the court over which he [or she] presides." *Johnson v. Turner,* 125 F.3d 324, 334 (6th Cir. 1997). For example, this would occur if a probate court were to conduct a criminal trial. *Mann v. Conlin*, 22 F.3d 100, 104 (6th Cir. 1994).

Here, Plaintiff's Complaint does not include allegations that implicate either of these exceptions to judicial immunity. Thus, Judge Courtright is entitled to absolute judicial immunity and Plaintiff's claims against him shall be dismissed on this basis.

Likewise, Prosecutor Coogan is entitled to absolute immunity as to Plaintiff's claims in this case. That is because prosecutors enjoy absolute immunity from liability in a civil rights action for conduct " 'intimately associated with the judicial phase of the criminal process.' " *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (stating that functions which "serve as an 'integral part of the judicial process' or that are 'intimately associated with the judicial process' are absolutely immune from civil suits"). Such immunity extends to prosecutors' conduct in initiating a prosecution and in presenting the government's case. *Burns,* 500 U.S. at 486 (quoting *Imbler*, 424 U.S. at 431).

## II. In Addition, Plaintiff Has Not Alleged A Viable Due Process Claim Against Defendants.

Plaintiff's Complaint alleges that he was deprived of his Constitutional right to due process under the Fourth, Fifth, Sixth, Ninth, and Tenth Amendments. As Defendants note, however, there is no "right to due process" under the Fourth, Sixth, Ninth, and Tenth Amendments." (Defs.' Br. at 10).

Defendants further state that "[t]o the extent that Plaintiff asserts a due process claim under the Fifth Amendment, that claims fails because the Fifth Amendment's due process clause circumscribes only the actions of the federal government, not state or local governments. *See, e.g., Scott v. Clay Cnty., Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000); *Myers v. Village of Alger*, Ohio, 102 F. App;x 931, 933 (6th Cir. 2004)." (*Id.*).

Here, all three Defendants are state (not federal) actors. Accordingly, the Court dismisses Plaintiff's "right to due process" claims asserted under the Fourth, Fifth, Sixth, Ninth, and Tenth Amendments.

## III. Plaintiff Lacks Standing To Bring A Claim Under 18 U.S.C. § 242.

The civil cover sheet completed by Plaintiff for this case also indicates that Plaintiff is seeking to bring a claim under 18 U.S.C. § 242," although the actual Complaint makes no references to that statute.

The pending motion asserts that Plaintiff lacks standing to bring a claim under that statute and explains:

> While 18 U.S.C. § 242 makes it a crime for someone acting under color of law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States, Plaintiff lacks standing to bring an 18 U.S.C. § 242 claim. Only the United States Attorney can initiate criminal charges in federal court. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c)). Thus, to the extent

> Plaintiff alleges violations of 18 U.S.C. § 242 against any of the Defendants, criminal statutes such as this do not provide a private cause of action. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (stating that the plaintiff "has no private right of action" under either 18 U.S.C. §§ 241 or 242). Accordingly, Plaintiff's 18 U.S.C. § 242 claim must be dismissed.

(Defs.' Br. at 10-11).

The Court agrees that Plaintiff lacks standing to bring a claim under 18 U.S.C. § 242. Thus, to the extent that Plaintiff sought to assert such a claim against any of the three named Defendants, he lacks standing to do so.

### IV. Plaintiff Has Failed To Allege A Viable "Right-To-Travel" Claim.

Plaintiff's Complaint also asserts that Defendants violated his First Amendment "right to travel," and appears to assert that right was violated by virtue of his having been arrested for driving while his driver's license was suspended.

As another judge in this district explained, while dismissing a similar claim in another case filed by Plaintiff:

> The Supreme Court has held that the right to travel is protected under the Fifth Amendment, but it is not an absolute right. States have the power to regulate the use of their highways and require drivers to have a valid license. *Hendrick v. Maryland*, 235 U.S. 610 (1915); *Moors on behalf of Grady El v. Canton Police Dep't*, No. 20-CV-10361, 2020 WL 2308679, at *5 (E.D. Mich. May 8, 2020) (citation omitted) ("While the Fifth Amendment creates and protects a fundamental right to travel, 'there is no fundamental right to drive a motor vehicle,' and states are free to require drivers to have licenses."). Michigan law requires all drivers to have a valid driver's license or permit to operate a motor vehicle on Michigan's roads. MCL 257.301. Michigan courts have upheld this requirement. *See People v. Diaz*, 64 Mich. App. 706 (holding that the requirement of a driver's license is a reasonable regulation of the safety and welfare of the public); *People v. McShane*, 30 Mich. App. 294 (1971) (holding that requiring a driver's license is a proper exercise of the state's police power).

(*Strickland v. Cusick, et al.*, Case No. 23-12688, 10/31/23 Order at 3-4). Thus, this claim fails.

7

**CONCLUSION & ORDER**

For all of the reasons set forth above, IT IS ORDERED that Plaintiff's Complaint is DISMISSED WITH PREJUDICE, as to all three Defendants. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: April 12, 2024